OPINION OF THE COURT
Dominic R. Massaro, J.
On May 30, 2001, Eulogio Pena was sentenced to an indeterminate term of incarceration of a minimum of 2 years to a maximum of 4 years, to be served consecutive to completion of a 16-year definite sentence then outstanding in an unrelated matter (Bronx County Indictment No. 4857/99). This imposition followed a negotiated disposition of the within four-count *490 indictment, more specifically, a plea of guilty to the crime of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]), a lesser included offense of the second count of said indictment, assault in the second degree (Penal Law § 120.05 [7]).
By the instant motion, Mr. Pena seeks an order, pursuant to CPL 440.20 (1), setting aside the sentence consecutively imposed upon him as “unauthorized, illegally imposed or otherwise invalid as a matter of law,” and resentencing him nunc pro time to a sentence concurrent with the then outstanding 16-year sentence. The motion is denied.
Attempt
In essence, defendant maintains a strict reading of section 70.25 (5) of the Penal Law does not require consecutive sentencing for a conviction of an attempt to commit assault in the second degree, but rather only for assault in the second degree. As such, he maintains, a concurrent sentence is called for and the court failed to exercise discretion with respect to the consecutive sentence it imposed, thereby violating his due process rights.
The section at issue reads:
“[W]hen a person is convicted of assault in the second degree as defined in subdivision seven of section 120.05 of this chapter, any definite [or] indeterminate or determinate term of imprisonment which may be imposed as a sentence upon such conviction shall run consecutively to any undischarged term of imprisonment to which the defendant was subject and for which he was confined at the time of the assault” (Penal Law § 70.25 [5] [a]).
The court’s reading and statutory interpretation of this section finds defendant’s reliance misplaced. Mr. Pena’s posture that the lack of reference to an element of attempt vis-á-vis a requirement of consecutive sentencing in such event is misdirected. The statutory language referencing the crime of assault in the second degree speaks to “[h]aving been charged with or convicted of a crime and while confined in a correctional facility” (Penal Law § 120.05 [7]). Mr. Pena was so confined at the time. This served as the basis for the plea negotiations. The lesser included attempted assault charge is raised in this context. The plea negotiations between the parties had a starting point of statutorily known components: a D violent felony which would confer, upon conviction, a “predicate felon” status *491 and a concomitant statutorily directed component of consecutive sentencing (see Penal Law § 70.25 [5] [a]). The absence of the word “attempt” from the statutory language does not infer a prohibition of court discretion to impose a consecutive sentence upon conviction for attempted assault where otherwise, as here, it is deemed fit. Defendant references companion section 70.25 (5) (c), allowing concurrent sentencing upon conviction for assault in the interest of justice. In the circumstances, however, such a sentence lacks any record basis to have been warranted.
Furthermore, defendant’s claim that the court somehow misled itself in the settlement of this indictment by necessarily imposing a consecutive as opposed to concurrent sentence is a misimpression likewise unsupported by the record. It clearly reflects the parameters discussed prior to the agreed-upon plea:
“the court: Mr. Pena, you know how it’s going to work out, you know that your attorney has negotiated this down to a two to four year sentence, consecutive to the sentence that you are now serving. Do you have any other understanding, Mr. Pena, how this is going to end? Is that your understanding?
“the defendant: Yes, sir.” (Transcript proceedings, at 18, lines 2-9, dated May 14, 2001.)
And prior to sentencing:
“the clerk: Does the defense counsel wish to make a statement?
“mr. Alberts: Your Honor, just that I read the probation report and request this Court keep its promise to Mr. Pena and sentence him to two to four years consecutive to Indictment 4857 of '99.
“the court: Do you wish to say anything?
“the defendant: No, sir.” (Transcript proceedings, at 6, lines 4-13, dated May 30, 2001.)
Defendant understood the negotiated plea throughout, and defense counsel’s confirmation of its terms on his behalf is self-evident. In this light, the court, in its discretion, acted appropriately in approving and imposing it.
The Negotiated Plea
Both parties, at the time of final agreement as well as at the time of sentencing, were fully cognizant that consecutive sentencing was integral to disposition. Agreement on this point *492 reflected said knowledge; it was discussed in good faith, arrived at fairly, fully stated with mutual assent, and the respective promises approved on the record (see People v Selikoff, 35 NY2d 227 [1974]).
“the court: * * * I inquire, there is an outstanding offer of two years. If the defendant has any interest?
“mr. Alberts: Yes, he does, your Honor. I have had a chance to have further discussions with him and [the district attorney] and we have reached a disposition. Mr. Pena would like to take advantage of that offer.
“the court: Very good. Then at this time, I am ready to [accept] your application.
“mr. Alberts: Judge, Mr. Pena has authorized me to withdraw any previously entered plea of not guilty and enter the plea of guilty on his behalf to Penal Law Section 110/120.05 (7), attempted assault in the second degree, an E non-violent felony.
“And we just reviewed the sentencing chart. And it is my understanding that the promised sentence would then be two to four as this is a non-violent crime as well.
“the court: Is that correct, Mr. Assistant District Attorney?
“mr. best: That is correct, Judge.
“court clerk: Non-violent E.
“the court: Two to four, how is that to run vis-avis his current?
“mr. best: Consecutive.
“mr. Alberts: Consecutive, Judge. As we discussed earlier.
“the court: Yes, we did.” (Transcript proceedings, at 8, lines 16-25; at 9, lines 1-20, datéd May 14, 2001.)
As such, both sides accepted and benefitted from the negotiated disposition agreed to and approved by and in the discretion of the court. Defendant had ample opportunity to weigh the People’s offer in lieu of proceeding to trial. It was discussed in open court. Two weeks elapsed between the plea and the sentencing date, thereby allowing defendant further time to review, reconsider and raise any objections referencing the impropriety he now claims. On the contrary, Mr. Pena, who *493 was well represented, raised no challenge; rather, he expressed a knowing and intelligent decision to accept the terms bargained. To allow defendant the advantage of recasting these terms at this time by ameliorating the sentence imposed would be contrary to the principles of fair dealing which occurred here. Mr. Pena gained a nonviolent offense status and a reduced sentence. The People gained a consecutive sentence. The stricture either of an illegality or prohibition as a matter of law appears absent. The motion to set the sentence aside is denied.